IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEVIN BRANDIS PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-421-ECM |
| | ) | [WO] |
| MCDONALDS RESTAURANT | ) | |
| FRANCHISE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On June 26, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed with prejudice. (Doc. 8). Before the Court are Pugh's "motion to file objection" (doc. 12), which the Court construes as objections to the Recommendation; and Pugh's "motion to file amendment and for injunction relief" (doc. 13), which the Court construes as a motion to amend the complaint. Also pending before the Court are Pugh's motions to appoint counsel and for leave to appeal *in forma pauperis*. (Docs. 10, 11). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Pugh's objections, the Court concludes that Pugh's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted as modified herein, and this case is due to be dismissed with prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

The Court first addresses Pugh's motions to appoint counsel. It is well-settled that "[a] plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). While the Court has broad discretion pursuant to 28 U.S.C. § 1915(e)(1) to appoint counsel for an indigent plaintiff, the Court should do so "only in exceptional circumstances." *Id.* Here, the issues presented are straightforward; thus, the Court finds no exceptional circumstances which would warrant the appointment of counsel in this case. *See id.* Consequently, Pugh's motions to appoint counsel are due to be denied.

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

Regarding Pugh's motions for leave to appeal *in forma pauperis*, the Court observes that to date, Pugh has not filed a notice of appeal in this action. Thus, these motions are due to be denied without prejudice and with leave to refile.

The Court has carefully reviewed the Magistrate Judge's Recommendation, Pugh's objections, his motion to amend, and the entire record. While the Court "should freely give leave [to amend] where justice so requires," FED. R. CIV. P. 15(a)(2), the Court may deny leave if amendment would be futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). After carefully reviewing Pugh's motion to amend, which the Court construes as his proposed amended complaint, the Court has little trouble concluding that amendment would be futile because the pleading fails to comply with Rule 8 and fails to state a claim upon which relief can be granted. Specifically, in his proposed amended complaint, he still requests monetary damages of $1,000,000 on his claim pursuant to 42 U.SC. § 2000(a); however, § 2000(a) authorizes only equitable relief. *See* 42 U.S.C. § 2000a-3(a); *see also Jackson v. Waffle House, Inc.*, 413 F. Supp. 2d 1338, 1362 (N.D. Ga. 2006) ("[O]nly equitable relief is available under § 2000a . . . ."). Therefore, because amendment would be futile, the motion to amend is due to be denied.

Turning to the objections, Pugh specifically objects to the Magistrate Judge's conclusion that his § 1981 claim is barred by the statute limitations and that he failed to demonstrate entitlement to equitable tolling of the limitations period. The Magistrate Judge found that Pugh's § 1981 claim accrued on March 5, 2023—a finding to which Pugh does not object—and that the two-year statute of limitations expired on March 5, 2025. Pugh does not dispute that his claim is subject to a two-year limitations period. He contends,

however, that the limitations period should be equitably tolled because he was "incarcerated during most of 2023 and 2024 and was homeless." (Doc. 12). While the Court is sympathetic to Pugh's situation, he fails to sufficiently demonstrate that he pursued his rights diligently from March 5, 2023, until March 5, 2025; or that extraordinary circumstances prevented timely filing by March 5, 2025. *See Villareal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016). Thus, the Court finds he has not met his burden to show that equitable tolling applies. *See id.* Consequently, Pugh's objections are due to be overruled, and the Court adopts the Recommendation as modified because Pugh's complaint fails to state a claim upon which relief can be granted.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1.    Pugh's motion for leave to amend and for injunction relief (doc. 13) is DENIED;

2.    Pugh's objections (doc. 12) are OVERRULED;

3.    The Recommendation of the Magistrate Judge (doc. 8) is ADOPTED as modified herein;

4.    Pugh's motions to appoint counsel (docs. 10, 11) are DENIED;

5.    Pugh's motions for leave to appeal *in forma paupers* (docs. 10, 11) are DENIED without prejudice and with leave to refile;

6.    This case is DISMISSED with prejudice;

7.    All other pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

4

A separate Final Judgment will be entered.

DONE this 20th day of October, 2025.

                                      /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE

5